**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON OTIS and JANET OTIS, individually, and as Parent and Natural Guardian of DOMINICK OTIS,<br><br>　　Plaintiffs,<br><br>　　　v.<br><br>CHESAPEAKE APPALACHIA, LLC, CHESAPEAKE ENERGY CORPORATION, and NOMAC DRILLING, LLC,<br><br>　　Defendants. | CIVIL ACTION NO. 3:11-0115<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Plaintiffs' Motion for Relief from the Court's Order to Stay Pending Arbitration. (Doc. 14.) On February 23, 2011, the Court granted the parties' Joint Motion to Stay Pending Arbitration (Doc. 8) as the parties agreed to engage in binding arbitration to resolve the claims in this matter. (Doc. 9.) On February 20, 2012, before any arbitration proceedings were conducted, Plaintiffs filed the present motion for relief from the Court's Order staying the action pending arbitration. Plaintiffs argue that relief from the Arbitration Order is necessary because they have recently become aware of facts that were unknown at the date of the stipulation to arbitrate. This, Plaintiffs assert, constitutes "surprise" and "newly discovered evidence" under Rule 60(b)(1), (2) of the Federal Rules of Civil Procedure and warrants relief from the Arbitration Order. Because Plaintiffs have not demonstrated that the stipulation was improvidently agreed upon and they have failed to satisfy their burden to demonstrate that the newly learned facts amount to "surprise" or "newly discovered evidence" under Rule 60(b), Plaintiffs' motion for relief from the Arbitration Order will be denied.

**I. Background**

Plaintiffs commenced this action against Defendants on or about December 17, 2010 by the filing of a Complaint in the Court of Common Pleas of Bradford County, Pennsylvania. (Doc. 1, Ex. 2.) Plaintiffs allege that Defendants owned, operated, drilled, and hydraulically fractured natural gas wells in a manner that contaminated Plaintiffs' groundwater supply. (Doc. 1, Ex. 2.) On January 18, 2011, Defendants removed the action to this Court. (Doc. 1.) After Defendants filed a motion to dismiss, but before Plaintiffs filed a response, the parties filed a Joint Motion to Stay Pending Arbitration. (Doc. 8.) On February 23, 2011, the Court entered an Order granting the Joint Motion to Stay Pending Arbitration and directing the parties to engage in binding arbitration of this matter. (Doc. 9.)

On February 20, 2012, before the parties engaged in binding arbitration, Plaintiffs filed the present motion seeking relief from the Court's Order to stay pending arbitration. (Doc. 14.) According to Plaintiffs, relief from the stay is warranted because "conditions affecting Plaintiffs' property and residence, as well as Plaintiffs' knowledge of the relevant facts, have changed significantly since the date of the stipulation" to arbitrate. (Doc. 15.) Plaintiffs argue that these changed conditions constitute "surprise" as used in Rule 60(b)(1) of the Federal Rules of Civil Procedure. (Doc. 15.)

In opposition, Defendants argue that: (1) Plaintiffs' request for relief from the stay was untimely; (2) Plaintiffs fail to satisfy the stringent criteria for vacating a consented-to order; and (3) Plaintiffs fail to meet their burden to prove "surprise" within the meaning of Rule 60(b)(1). (Doc. 19.) Plaintiffs' reply to Defendants' opposition asserts that the "clear and convincing standard" of proof applies only to allegations of "fraud, misrepresentation, or misconduct under Rule 60(b)(2) or (3)." (Doc. 20.) In addition, Plaintiffs argue that the recently developed factual events relating to Defendants' conduct amounts to "newly discovered evidence" justifying relief from the Arbitration Order. (Doc. 20.) As Plaintiffs' motion has been fully briefed, it is now ripe for disposition.

## II. Discussion

### A. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

Fed. R. Civ. P. 60(b). According to the Third Circuit, "the general purpose of Rule 60, which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ., & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) (citing Wright & Miller, Federal Practice and Procedure, § 2851). In that regard, the Third Circuit has cautioned that "*the remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'*" *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986) (Garth, J., concurring)) (emphasis added); *see also Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795 (7th Cir. 1980) ("Rule 60(b) is to be used to disturb the finality of judgments only on narrow grounds and upon a showing of exceptional circumstances"); *Boughner*, 572 F.2d at 977 ("relief from a judgment under Rule 60 should be granted only in exceptional circumstances"). While the decision to grant relief under Rule 60(b) "is directed to the sound discretion of the trial court," *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988) (citing *Giordano v. McCartney*, 385 F.2d 154, 155 (3d Cir. 1967)), "one who seeks such extraordinary relief from a final judgment bears a *heavy burden*." *Plisco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967) (emphasis added). As Plaintiff's motion, brief, and reply advance arguments related to "surprise" under Rule 60(b)(1) and "newly discovered evidence" under Rule 60(b)(2), the Court will address each separately.

**1.      Rule 60(b)(1)- "Surprise"**

Plaintiffs first argument for relief from the Arbitration Order is predicated on "surprise" as used in Rule 60(b)(1). Specifically, Plaintiffs assert that the harm to their property is more severe than originally believed, and "this knowledge and information came as a surprise to Plaintiffs, who relied on an inaccurate understanding of the relevant facts when stipulating to stay litigation." (Doc. 15.) Although Plaintiffs rely on "surprise" to support their motion, Plaintiffs readily acknowledge that "neither the Third Circuit nor the United States Supreme Court have articulated a clear definition of what constitutes 'surprise' within the meaning of Rule 60(b)(1)." (Doc. 15.)

Plaintiffs have failed to sufficiently demonstrate "surprise," as the term is interpreted by the Court, to warrant relief from the Arbitration Order. As noted by Plaintiffs, the Third Circuit has provided little guidance on the meaning of "surprise" as used in Rule 60(b)(1). Nevertheless, the Third Circuit has authorized Rule 60(b)(1) relief only in limited circumstances, such as:

> Where the defendant's attorney did not know that the defense of forgery was available when he agreed to a consent judgment against his client in an action on a written guaranty note; where a defendant corporation had no actual notice that a suit had been entered against it; and where an attorney confused two similar cases involving his client.

*Boughner*, 572 F.2d at 977-78. And, the Third Circuit has frequently commented on relief for "excusable neglect" under Rule 60(b)(1). *See, e.g., Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906 (3d Cir. 2010); *Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P.*, 121 F. App'x 971 (3d Cir. 2005); *George Harms Constr. Co. v. Chao*, 371 F.3d 156 (3d Cir. 2004). To determine whether neglect is excusable under Rule 60(b)(1), the Court must "take into account the totality of the circumstances." *Ethan Michael*, 392 F. App'x at 909 (citing *In re Cendant Corp.*, 235 F.3d 176, 182 (3d Cir. 2000)). Essentially, the determination of whether neglect is excusable is an equitable one, and requires consideration of the risk of prejudice to the non-movant, the length of the delay, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *See George Harms Constr.*, 371 F.3d at 163-64

(quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

Although the Third Circuit has not articulated the relevant factors the Court should consider in deciding a Rule 60(b)(1) motion predicated on "surprise," the United States District Court for the District of Columbia has recently opined that "*the determination of 'surprise' or 'excusable neglect' is an equitable* matter that requires consideration of the *Pioneer* factors." *Norris v. Salazar*, 277 F.R.D. 22, 25 (D. D.C. 2011) (citing *Pioneer*, 507 U.S. at 395-97) (emphasis added); *see also Jones v. Frazesn*, No. 07-cv-02758, 2010 WL 3504847, at *5 (E.D. Cal. Sept. 3, 2010) ("weighing the *Pioneer* factors and considering the circumstances of the case, the Court concludes that the discovery delays caused by Plaintiff did not result from 'surprise' or 'excusable neglect'").

The Court agrees with the *Norris* court, and will apply the *Pioneer* factors to Plaintiffs' request for relief based on "surprise." First, contrary to Plaintiffs' assertion, Defendants would be prejudiced if the Court vacated the Arbitration Order, as Defendants would be compelled to litigate in court a matter that they had prepared to arbitrate. Although Plaintiffs may suffer prejudice by having an arbitrator decide the merits of their claims and not a jury, this was an outcome within their purview when they stipulated to arbitration. As such, the risk of prejudice strongly weighs in Defendants' favor.

Second, the length of the delay weighs in favor of Defendants. Here, Plaintiffs filed for relief from the Court's Arbitration Order over 360 days after the Order was originally entered. (Doc. 9.) While this motion may have been timely filed,[1] the fact that Plaintiffs waited nearly twelve (12) months to seek relief from the Order weighs in Defendants' favor.

Third, the reason for the delay appears to be Plaintiffs' recent acquisition of new, relevant information. This factor is neutral and weighs in favor of neither party. Specifically, the new information asserted by Plaintiffs is predicated on events set forth in the Consent

---

[1] Because Plaintiffs' motion has been decided on the merits, the Court need not address whether Plaintiffs' motion and supporting brief were timely filed as required by Rule 60(c)(1).

Order and Agreement between Chesapeake Appalachia, LLC and the Pennsylvania Department of Environmental Protection. (Doc. 20, Ex. A.)  The Consent Order and Agreement was entered into on May 16, 2011 relating to Chesapeake Appalachia's conduct in Bradford County in 2010.  Based on the information presented by Plaintiffs, the Court cannot determine whether Plaintiffs should have known about these actions from 2010 prior to February 20, 2012.  As such, the third factor is neutral.

The final factor, whether Plaintiffs acted in good faith, is also neutral.  Although Plaintiffs assert that this information was only recently acquired, the Court is unable to make such a determination based on Plaintiffs' submissions.  In applying the four *Pioneer* factors, the equitable considerations weigh against granting Plaintiffs' request to vacate the Arbitration Order.

The Court's reasoning for denying Plaintiffs' equitable request is largely premised on Plaintiffs' failure to offer evidence in support of their motion.  In particular, the only evidence offered in support of Plaintiffs' motion was a copy of the Consent Order and Agreement attached to Plaintiffs' reply in response to Defendants' opposition. (Doc. 20, Ex. A.)  And, courts in the Third Circuit have routinely rejected Rule 60(b) requests where the movant fails to provide evidence in support of their application for relief. *See, e.g., Robinson v. Hicks*, No. 07-cv-1751, 2012 WL 825329, at *5, *7 (M.D. Pa. Mar. 9, 2012) ("the Plaintiffs have failed to support their application for Rule 60(b) relief with the presentation of facts and evidence. . . . Plaintiffs do no more than assert this conclusory belief, while failing to present any facts to support it"); *Drumm v. New England Loan Mktg. Assoc.*, 329 B.R. 23, 31 (W.D. Pa. 2005) ("Debtor has not offered any evidence to support the fact that he exercised reasonable diligence and is not entitled to relief from judgment under Rule 60(b)(2)); *Dean v. Brandywine Studios Inc.*, No. 99-679, 2003 WL 299362, at *3 (D. Del. Feb. 10, 2003) ("any claim that the defendants are entitled to relief from judgment . . . must fail since the defendants have provided no evidence whatsoever"); *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 53 (D. N.J. 1994) (respondent failed to present evidence to support a Rule 60(b) motion).  As Plaintiffs have failed to present evidence in support of their request, and the

equitable considerations weigh in Defendants' favor, Plaintiffs' request for relief from the Arbitration Order based on "surprise" will be denied.

### 2.     Rule 60(b)(2)- "Newly Discovered Evidence"

Plaintiffs' motion also suggests that relief from the Arbitration Order is necessary based on "newly discovered evidence." Although Plaintiffs' opening brief is devoid of allegations that Defendants engaged in fraud or misconduct in withholding information from Plaintiffs, their reply to Defendants' opposition asserts:

> At the time Defendants entered into the stipulation to arbitrate this matter, they were aware that they would soon be pursuing additional fracking and other activity harmful to Plaintiffs. Surely, had Plaintiffs not assented to the arbitration, they would have likely moved this Court to amend their Verified Complaint to include Defendants' most recent misconduct and the resulting harm caused thereby. *Defendants, **acting in bad faith**, entered the stipulation aware that at that time there was no reasonable way for Plaintiffs to know of Defendants' plans to continue the drilling, fracturing, development, and operation of the Wells*.

(Doc. 20) (emphasis added).

Plaintiffs' conclusory and largely unsupported assertions of "newly discovered evidence" are insufficient to meet their burden for relief predicated on Defendants' alleged fraudulent or bad faith conduct. Under Rule 60(b)(2), a party must meet his or her "heavy burden" to justify relief on the basis of "newly discovered evidence." *See Jackson v. City of Pittsburgh*, No. 07-111, 2011 WL 3443951, at *30 (W.D. Pa. Aug. 8, 2011); *Oriakhi v. Bureau of Prisons*, No. 07-264, 2008 WL 5401643, at *2 (D. N.J. Dec. 24, 2008) ("'[t]he movant under Rule [60(b)(2)] bears a heavy burden'" (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991))). This requires "more than a showing of the potential significance of the new evidence . . . . [Instead,] it must appear that reasonable diligence by the movant . . . would not have brought to light the evidence which he failed to discover . . . ." *Plisco*, 379 F.2d at 16 (citing *Flett v. W.A. Alexander & Co.*, 302 F.2d 321 (7th Cir. 1962)). Under Rule 60(b)(2), evidence is "newly discovered" only if "such evidence is (1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial."

*Bohus*, 950 F.2d at 930 (citing *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983)).[2]

Here, based on the evidence presented by Plaintiffs, the Court is unable to find any evidence that Defendants' alleged misconduct in 2010 could not have been known by Plaintiffs prior to stipulating to arbitration. Again, based on the dearth of evidence presented by Plaintiffs, Plaintiffs have not met their "heavy burden" of establishing that the evidence acquired was, in fact, "newly discovered." Accordingly, Plaintiffs Rule 60(b)(2) request "must fail since [Plaintiffs] have provided no evidence whatsoever, let alone clear and convincing evidence, to support the allegation that the evidence was somehow wrongly withheld by [Defendants] or that the alleged withholding of the evidence substantially interfered with [Plaintiffs'] ability to fully and fairly present their case." *Dean*, 2003 WL 299362, at *3 (citing *Kolonski v. Mahlab*, 156 F.3d 255, 275 (1st Cir. 1998)).

## B.   Relief from the Arbitration Stipulation

Lastly, the Court will comment briefly on Plaintiffs' attempt to have the consented-to Arbitration Order, which was issued pursuant to a stipulation of the parties, set aside. As both parties recognize, a court may set aside a consent decree or consent judgment upon a proper showing. *See, e.g., Ford Motor Co. v. Mustangs Unlimited, Inc.*, 420 F. App'x 522 (6th Cir. 2011) (affirming district court's decision to grant motion to set aside consent judgment pursuant to Rule 60(b)(6)); *Taylor v. United States*, 181 F.3d 1017, 1024 (9th Cir. 1999) ("a court may decide in its discretion to reopen and set aside a consent decree under Rule 60(b)"); *Smith v. Widman Trucking & Excavating*, 627 F.2d 792, 796 (7th Cir. 1980) (affirming district court's decision to set aside a stipulated judgment). Despite the authority of a court to vacate a consented-to judgment, "a stipulation for judgment is binding on the parties to it and on the court in the absence of grounds which would authorize a party to rescind or withdraw from it or the court to set it aside." *Morse Boulger Destructor Co. v.*

---

[2] Although Rule 60(b)(2) is stated in terms of a party seeking relief from the result at trial, courts have held that "the required showing under Rule 60(b)(2) remains the same for those seeking relief from an order." *See, e.g., Stradling v. Sun Am. Mortg. Co.*, No. 09-cv-1026, at *2 (D. Utah June 24, 2011).

*Camden Fibre Mills, Inc.*, 239 F.2d 382, 383 (3d Cir. 1956). And, the Third Circuit has indicated that a stipulation should be set aside only if it was "inadvertently, inadvisedly, or improvidently entered into and would operate unjustly and to the prejudice of [Plaintiffs]." *Id*.

Here, Plaintiffs have failed to articulate a sufficient basis for the Court to set aside the parties' stipulation to arbitrate. Specifically, Plaintiffs fail to argue, let alone demonstrate with supporting evidence, that the stipulation was the product of inadvertence or improvidence. (Doc. 16.) Instead, Plaintiffs conclusively assert that they could be severely prejudiced if they are denied the opportunity to present this matter to a jury. (Doc. 16.) Yet, this was known to Plaintiffs when the stipulation was first agreed upon. Accordingly, Plaintiffs' request to have the consented-to Arbitration Order set aside now involves an attempt "to avoid the consequences of a decision to . . . compromise which in retrospect appears unfortunate." *Smith*, 627 F.2d at 795. As Plaintiffs have failed to satisfy the *Morse* requirements and demonstrate any defects in the formation of the underlying stipulation, the Court cannot set aside the consented-to Arbitration Order which was entered in strict accord with the parties' agreement.

### III. Conclusion

For the above stated reasons, Plaintiffs' motion for relief from the Arbitration Order will be denied.

An appropriate order follows.

 May 11, 2012                                      /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                             United States District Judge