**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON OTIS and JANET OTIS, individually, and as Parent and Natural Guardian of DOMINICK OTIS,<br><br>    Plaintiffs,<br><br>        v.<br><br>CHESAPEAKE APPALACHIA, LLC, CHESAPEAKE ENERGY CORPORATION, and NOMAC DRILLING, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 3:11-0115<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Presently before me is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 83.3.1(a). (Doc. 35.) Plaintiffs commenced this action in the Court of Common Pleas of Bradford County, Pennsylvania in December 2010, and Defendants removed the action to this Court on January 18, 2011. (Doc. 1.) Shortly thereafter, the parties agreed to stay the action pending arbitration. (Docs. 8; 9.) Plaintiffs subsequently sought relief from the stay in February 2012, but that motion was denied on May 11, 2012. (Docs 23; 24.) By Status Report submitted on June 17, 2013 (Doc. 29), the parties indicated that they were working to resolve this matter.

Now, Defendants seek to have this matter dismissed for failure to prosecute. According to Defendants, although they advised Plaintiffs in January 2014 that they wished to move forward with arbitration, Plaintiff have not yet commenced arbitration proceedings. (Doc. 35, ¶ 6.) As a result, Defendants contend that dismissal is warranted because: (1) Plaintiffs abandoned their case; (2) the factors set forth by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) favor dismissal; and (3) Plaintiffs failed to comply with the Court's February 23, 2011 Order by not commencing arbitration. (*Id*. at ¶ 10.)

Plaintiffs dispute that they abandoned their case, and they contend that Defendants fail to fully represent the events relevant to the history of this litigation.  As set forth in the

Declaration submitted by William Dubanevich, counsel for Plaintiffs, the parties agreed in June 2013 to defer arbitration and enter into settlement discussions. (Doc. 40, *Dubanevich Aff.*, ¶ 4.) Defendants, through prior counsel, submitted a settlement offer to Plaintiffs in November 2013. (*Id*. at ¶ 6.) The offer was rejected by Plaintiffs. (*Id*.) In September 2014, Plaintiffs were informed by attorney Jesse Pierce that Defendants' prior counsel was no longer involved in the case. (*Id*. at ¶ 9.) Pierce made another settlement offer on behalf of Defendants around this time. (*Id*. at ¶ 8.) Plaintiffs continued to discuss settlement with Pierce from October 2014 until February 2015. (*Id*. at ¶ 11.)

On May 1, 2015, Plaintiffs were contacted by attorney Michael Leahey, who has since entered his appearance for Defendants in this case, seeking Plaintiffs' concurrence in the instant motion to dismiss. (*Id*. at ¶ 12.) The same day, Plaintiffs initiated a call with Leahey and informed him of the ongoing settlement discussions they had been engaged in with Pierce. (*Id*. at ¶ 13.) Leahey was not aware of those settlement discussions. (*Id*.) On May 5, 2015, Leahey presented a "take it or leave it" settlement offer to Plaintiffs, and he advised Plaintiffs that rejection of the offer would result in the filing of the motion to dismiss. (*Id*. at ¶ 14.) The motion to dismiss was then filed on May 11, 2015. (Doc. 35.)

Defendants' motion seeks dismissal of the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in part: "Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Although the parties previously agreed to submit this dispute to arbitration, "an agreement to arbitrate does not completely oust a district court of jurisdiction over the claims subject to arbitration." *Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 123 F. App'x 481, 483 (3d Cir. 2005). Courts have held that "a stay of proceedings pending arbitration contemplates continuing supervision by a court to ensure that arbitration proceedings are conducted within a reasonable amount of time, . . . and jurisdiction over a Rule 41(b) motion properly serves this end." *Id*. (citations omitted). Thus, review of the instant motion is appropriate.

Defendants' motion to dismiss, however, will be denied without prejudice. First, the evidence submitted by Plaintiffs confirms that they have not demonstrated a clear intent to abandon the case, nor has their conduct made adjudication impossible in view of the parties' prior agreement to attempt to amicably resolve this case.

Second, dismissal is not warranted pursuant to the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984).[1] In balancing the *Poulis* factors, no single factor is dispositive, and not all of the factors need be satisfied in order to justify the dismissal of the action. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

Considering these factors in view of the evidence in the record, it does not appear that Plaintiffs' delay in commencing arbitration proceedings prejudiced Defendants in view of the parties' agreement to attempt to settle this case. Moreover, I do not agree with Defendants that Plaintiffs have shown a history of dilatoriness, nor has there been any evidence that Plaintiffs acted in bad faith. In these circumstances, the *Poulis* factors do not weigh in favor of dismissal at present. However, if the parties cease settlement negotiations and Plaintiffs still fail to commence arbitration proceedings, Defendants may renew their request for dismissal pursuant to Rule 41(b).

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 35) is **DENIED without prejudice**.

| | |
|---|---|
| August 21, 2015<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

---

[1] The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Poulis*, 747 F.2d at 868.